## Case No. 10,502.

### OLIVER v. WEAKLEY et al.

[2 Wall. Jr. 324.] 1

Circuit Court, Third Circuit.  Oct. Term, 1853.2

FUGITIVE SLAVES—ESCAPE—HARBORING AND CONCEALING—ACTION FOR DAMAGES.

[In an action for damages, under the 4th section of the act of February 12, 1793 (1 Stat. 302), to recover the value of escaped slaves, it is not sufficient to show merely that the defendant harbored or concealed the fugitives, but it must further be shown that such harboring and concealing caused their escape or hindered their recapture.]

This was a suit brought under the act of congress of February 12, 1793 [1 Stat. 302]. Oliver, of Maryland, was the owner of certain

1 [Reported by John William Wallace, Esq.]
2 [District not given.]

slaves, who ran away from him, and came like the others into Pennsylvania. He traced his negroes to the defendant's barn, and endeavoured by particular and general evidence to show that this person had harboured and concealed them. But, admitting this fact, it rather appeared that before they got there, the plaintiff had lost the track of them; that they had already eluded his pursuit, and that although the defendant had harboured or concealed them, this was not the cause of the plaintiff's loss of them.

This suit was not, like Van Metre v. Mitchell [Case No. 16,865], for the $500 penalty, but an action on the case for damages under the last part of section 4 of the act cited above; and the declaration contained counts setting forth:

The first. That the defendant well knowing, &c., and contriving and fraudulently intending to deprive the plaintiff of the labour and services due to him by said fugitives, did tortiously and illegally harbour and conceal the said negroes knowing them to be fugitives from labour, and enticed, persuaded and assisted them to escape from, and leave the labour and service of the plaintiff, and obstructed and hindered him from seizing, arresting and recovering said slaves, whereby they were wholly lost to the plaintiff.

The second. That the defendant illegally enticed, persuaded, procured, aided and assisted said negroes to absent themselves from, and wholly to leave and escape the service and labour of plaintiff.

The third. After stating the ownership and escape of the slaves substantially as in the first, and the right of the plaintiff to pursue and reclaim them, charged that the defendants well knowing the premises, illegally and fraudulently harboured and concealed them whereby they escaped from the labour, &c.

Plea, not guilty.

[The statute upon which this action was based provides that when a person held to labor in one of the United States shall escape into another of them, the person to whom such labor is due, or his agent, may seize or arrest the fugitive. It then prescribes the mode in which the reclamation is to be made, and the fugitive returned to the state from which he had fled. Section 4 of the act reads as follows: "And be it further enacted, that any person who shall knowingly and willingly obstruct or hinder such claimant, his agent or attorney in so seizing or arresting such fugitive from labor, or shall rescue such fugitive from such claimant, his agent or attorney when so arrested pursuant to the authority herein given or declared; or shall harbor or conceal such person after notice that he or she was a fugitive from labor, as aforesaid, shall, for either of the said offences, forfeit and pay the sum of five hundred dollars. Which penalty may be recovered by and for the benefit of such claimant, by action of debt, in any court proper to try the same; saving moreover to the person claiming such labor or

service, his right of action for or on account of the said injuries or either of them."]

For the defendants. In this case, and under a declaration such as this is, on the case for damages, we may admit for the sake of argument, and to the fullest extent, the harbouring and concealment made penal by the act of congress. If the action were for the penalty, the cause of action would be complete when "harbouring" or "concealing" was shown, whatever might be the result of it. But here the gist of the action is in a "loss" or "escape," the result of the harbouring or concealment; and the plaintiff recovers nothing unless he shows what his declaration alleges: st. as in the first count, that the defendant "assisted the negroes to escape" "whereby they were wholly lost;" or as in the second count, that the defendant "aided and assisted" "the negroes wholly to leave and escape the service," &c.; or as in the third, that he "harboured and concealed them whereby they escaped," &c. The loss or escape must be shown to have been caused by the harbouring and concealing; that is, must be shown to be the effect of it.

GRIER, Circuit Justice, laid down to the jury the meaning of the words "harbour" and "notice" as already given, and then continued: This being an action, not of debt, for the penalty of $500, but on the case, and on account of injuries for which the act saves a right of action, the plaintiff, on whom lies the burthen of proof, must show that the slaves were lost to him through the illegal interference of the defendants, or that some other appreciable loss, injury or damage was suffered by him in consequence thereof. The difference between the present action on the case for damages, and the one of Van Metre v. Mitchell [Case No. 16,865], tried before me some time since, is that the latter. being debt for a penalty given by the statute, for the mere act of harbouring or concealing, the defendant would be liable on proof of such harbouring or concealment, irrespective of its effects; while, in the present suit, he can recover only to the amount or actual loss, which he shows he has suffered.

Have you then evidence to satisfy your minds, that the defendant harboured or concealed the fugitives mentioned in the declaration?

Did he do this, knowing them to be fugitives from labour, and to further promote their escape from the pursuit or reclamation of their masters?

Did he, by such harbouring and concealing, cause the escape of the fugitives, or hinder their recapture? If you find these facts to be true, your verdict should be for the plaintiff for the value of the slaves and interest, if you see fit to add it.

The jury, failing to agree on the first trial, were discharged, standing (as was said) ten for the plaintiff, and two for the defendants. On the second they found a verdict of guilty as to one of the defendants and damages of $2800 against him. The other defendants they found not guilty.